THIS OFFICE HAS RECEIVED YOUR REQUEST FOR AN OPINION ADDRESSING THE FOLLOWING QUESTIONS:
 1. MAY THE BOARD OF DIRECTORS OF A COUNTY FAIR ASSOCIATION, ORGANIZED UNDER THE PROVISIONS OF 2 O.S. 131.1 THROUGH 2 O.S. 131.18 OF OKLAHOMA STATUTES, LAWFULLY ENTER INTO A MULTI-YEAR CONTRACT WITH ANOTHER PARTY FOR THE FURNISHING OF CONCESSIONS TO THE FAIRGROUNDS?
 2. MAY SUCH CONTRACT LAWFULLY CONTAIN A CLAUSE, WHICH GRANTS AN OPTION TO RENEW THE CONTRACT FOR ANOTHER MULTI-YEAR PERIOD SOLELY TO THE PARTY FURNISHING THE CONCESSIONS?
 3. ARE THE BOARD OF DIRECTORS OF A COUNTY FAIR ASSOCIATION, ORGANIZED UNDER THE PROVISIONS OF SECTIONS 131.1 THROUGH 131.18 OF TITLE 2, OKLAHOMA STATUTES, SUBJECT TO THE BIDDING REQUIREMENTS OF THE COUNTY PURCHASING PROCEDURES PROVIDED FOR IN 19 O.S. 1500 ET SEQ. OR THE BIDDING REQUIREMENTS OF THE OKLAHOMA CENTRAL PURCHASING ACT, 74 O.S. O.S. 85.1 ET SEQ?
I.
YOUR REQUEST CONCERNS THE POWERS AND DUTIES OF THE BOARD OF DIRECTORS OF A COUNTY FAIR ASSOCIATION, WHICH ARE ELECTED PURSUANT TO 2 O.S. 131.1 ET SEQ. A COUNTY FAIR ASSOCIATION, THOUGH NOT EXACTLY A "COUNTY OFFICE," MUST UTILIZE THE SERVICES OF OTHER COUNTY OFFICERS IN THE PERFORMANCE OF ITS DUTIES, AND THE ASSOCIATION DERIVES ITS AUTHORITY FROM THE BOARD OF COUNTY COMMISSIONERS, WHO SUPERVISE THE ELECTIONS FOR BOARD OF DIRECTORS OF THE FAIR ASSOCIATION. THE COUNTY TREASURER SHALL BE THE CUSTODIAN OF ALL FUNDS OF THE FAIR ASSOCIATION. 2 O.S. 131.6.
ADDITIONALLY, ALL PROPERTY ACQUIRED BY VIRTUE OF THE PROVISIONS OF VARIOUS LEGISLATIVE ACTS FOR FREE FAIR PURPOSES IS DECLARED TO BE THE PROPERTY OF THE COUNTY, AND IS PLACED UNDER THE CUSTODY AND CONTROL OF THE BOARD OF COUNTY COMMISSIONERS, SIMILAR TO ALL OTHER COUNTY PROPERTY. 2 O.S. 131.14. HOWEVER, THE BOARD OF DIRECTORS OF THE FAIR ASSOCIATION HAS CERTAIN RIGHTS TO LEASE OR RENT THE PROPERTY OBTAINED UNDER THE PROVISIONS OF 2 O.S. 131.1 ET SEQ., AND IS TO USE THOSE PROCEEDS FOR THE GENERAL PURPOSES OF CONDUCTING AGRICULTURAL AND INDUSTRIAL EXPOSITIONS AND FAIRS.
BASED UPON THE FOREGOING, THE FAIR ASSOCIATION IS SUBJECT TO THE SAME RESTRICTIONS AS THE COUNTY, REGARDING THE GENERAL GUIDELINES FOR COUNTIES AND COUNTIES OFFICERS WHEN ENTERING INTO CONTRACTS WITH THIRD PARTIES.
THE OKLAHOMA CONSTITUTION, ARTICLE X, SECTION 26 SETS FORTH GENERAL RESTRICTIONS UPON MULTIPLE YEAR AGREEMENTS. HOWEVER, THIS SECTION DEALS WITH CREATING DEBT THROUGH CONTRACTING, NOT THE ABILITY TO CONTRACT BEYOND A FISCAL YEAR. THIS OFFICE HAS PREVIOUSLY DETERMINED THAT MULTI-YEAR CONTRACTS ARE NOT, IN AND OF THEMSELVES, INVALID, WHERE THE STATE OF OKLAHOMA DID NOT PURPORT TO BIND ITSELF WITH AN AGREEMENT TO APPROPRIATE FUNDS IN A SUBSEQUENT FISCAL YEAR. ATTORNEY GENERAL OPINION NO. 79-138.
THE SAME REASONING, THAT MULTI-YEAR CONTRACTS ARE NOT INVALID, PER SE, THAT WAS APPLIED TO THE STATE OF OKLAHOMA IN OUR EARLIER OPINION, ALSO IS APPLICABLE TO PURCHASES MADE BY COUNTIES, AND IS THUS RELEVANT TO YOUR PRESENT INQUIRY REGARDING COUNTY FAIR ASSOCIATIONS. THUS, A MULTI-YEAR CONTRACT ENTERED INTO BY A COUNTY FAIR ASSOCIATION IS NOT INVALID, PER SE, SO LONG AS THE CONTRACT IN QUESTION DID NOT PURPORT TO BIND THE COUNTY TO AN AGREEMENT TO APPROPRIATE FUNDS IN ANY SUBSEQUENT FISCAL YEAR.
WHETHER A MULTI-YEAR CONTRACT FOR FURNISHING CONCESSIONS TO THE FAIRGROUNDS CONTAINS PROVISIONS WHICH WOULD INVALIDATE THE CONTRACT IS A QUESTION OF FACT, NOT CAPABLE OF BEING DETERMINED IN AN ATTORNEY GENERAL OPINION. IF THE CONTRACT INVOLVES THE FAIR ASSOCIATION LEASING THE RIGHT TO PROVIDE CONCESSIONS AT THE FAIRGROUNDS, NOT THE PAYMENT OF MONIES TO THE CONCESSIONAIRE, THEN THE VALIDITY OF THE CONTRACT MAY BE UPHELD, DEPENDENT UPON THE SPECIFIC PROVISIONS OF THE CONTRACT.
II
THE SAME LINE OF REASONING APPLIES TO YOUR INQUIRY REGARDING WHETHER A CONTRACT BY A COUNTY FAIR ASSOCIATION COULD LAWFULLY GRANT AN OPTION TO RENEW THE CONTRACT FOR ANOTHER MULTI-YEAR PERIOD. THE SPECIFIC ANSWER TO THIS QUESTION DEPENDS UPON THE SPECIFIC TERMS OF THE CONTRACT BETWEEN THE PARTIES, AND IS A QUESTION OF FACT WHICH CAN NOT BE ANSWERED WITHIN THE CONFINES OF AN OPINION OF THE ATTORNEY GENERAL.
HOWEVER, IT SHOULD ALSO BE POINTED OUT THAT THE OKLAHOMA SUPREME COURT HAS UPHELD A MULTI-YEAR CONTRACT AND AWARDED DAMAGES FOR BREACH OF CONTRACT, IN A CASE CONCERNING A SIXTY-MONTH CONTRACT INVOLVING THE DEPARTMENT OF PUBLIC SAFETY. U.C. LEASING V. STATE BOARD OF PUBLIC AFFAIRS, 737 P.2D 1191 (1987). IN THAT CASE, THE VENDOR SUED THE STATE AGENCY, AND ONE OF THE ARGUMENTS ADVANCED BY THE AGENCY WAS THAT THE FIVE YEAR LEASE WAS VOID FOR THE FISCAL YEARS WHERE A NEW CONTRACT WAS NOT ENTERED INTO BY REASON OF THE STATE'S STATUTORY INABILITY TO ENCUMBER UNAPPROPRIATED FUNDS. THE SUPREME COURT REJECTED THIS ARGUMENT, DETERMINING THAT THE STATE DID NOT INCUR LIABILITY FOR THE ENTIRE RENTAL PERIOD OF THE LEASE AGREEMENT, BUT ONLY INCURRED A POTENTIAL LIABILITY, SINCE THERE WAS SPECIFIC LANGUAGE IN THE AGREEMENT WHEREBY THE STATE WAS NOT OBLIGATED TO PAY RENTALS IF THE LEGISLATURE FAILED TO ALLOCATE FUNDS FOR PAYMENT.
THIS CASE IS SIGNIFICANT BECAUSE OF THE SUPREME COURT ALLOWING A VENDOR TO RECOVER AGAINST AN AGENCY IN A SUIT BASED UPON A CONTRACT WHOSE TERM EXCEEDED THE CURRENT FISCAL YEAR. THE HOLDING IN THE U.C. LEASING CASE SEEMS TO IMPLY THAT THE PROVISIONS OF A MULTIYEAR CONTRACT MAY BE UPHELD IN APPROPRIATE FACTUAL SITUATIONS. FOR YOUR CONVENIENCE, I HAVE ENCLOSED A COPY OF THE U.C. LEASING CASE.
III.
YOUR THIRD QUESTION, AS TO WHETHER A COUNTY FAIR ASSOCIATION IS SUBJECT TO THE COUNTY PURCHASING PROCEDURES (19 O.S. 1500 ET SEQ.) OR THE OKLAHOMA CENTRAL PURCHASING ACT (74 O.S. 85.1 ET SEQ.) PROVISIONS, IS CONTROLLED BY THE LANGUAGE OF THOSE SPECIFIC STATUTES. THE OKLAHOMA CENTRAL PURCHASING ACT GENERALLY APPLIES ONLY TO THE STATE OF OKLAHOMA AND TO ITS STATE AGENCIES. "STATE AGENCY" IS DEFINED TO INCLUDE CERTAIN ENTITIES, BUT SPECIFICALLY EXCLUDES THE FOLLOWING: ". . . MUNICIPALITIES, COUNTIES AND OTHER GOVERNMENTAL SUBDIVISIONS OF THE STATE." 74 O.S. 85.2 (1991). HOWEVER, NOTWITHSTANDING THE PREVIOUS SECTION, COUNTY OFFICERS MAY AVAIL THEMSELVES OF THE PROVISIONS OF THE OKLAHOMA CENTRAL PURCHASING CONTRACT AND THE SERVICES OF THE PURCHASING DIRECTOR PURSUANT TO 74 O.S. 85.12(C). THUS, A COUNTY FAIR ASSOCIATION Y ELECT TO CONDUCT THEIR BUSINESS PURSUANT TO THE OKLAHOMA CENTRAL PURCHASING ACT, IF THE DIRECTORS SO DESIRE.
OTHERWISE, THE BOARD OF DIRECTORS OF A FAIR ASSOCIATION WOULD HAVE TO MAKE PURCHASES PURSUANT TO THE COUNTY PURCHASING PROVISIONS, IF THE PURCHASES WERE TO BE PAID FOR FROM COUNTY FUNDS. 19 O.S. 1501, OF TITLE 19 OKLAHOMA STATUTES, STATES AS FOLLOWS:
 "THE COUNTY PURCHASING AGENT SHALL . . . MAKE ALL PURCHASES THAT ARE PAID FROM COUNTY FUNDS FOR THE VARIOUS INSTITUTIONS, DEPARTMENTS, OFFICERS, AND EMPLOYEES OF THE COUNTY, EXCEPT AS OTHERWISE PROVIDED FOR BY LAW."
THE COUNTY FAIR ASSOCIATION IS THUS REQUIRED TO MAKE PURCHASES PURSUANT TO THE COUNTY PURCHASING PROVISIONS, BUT MAY STILL UTILIZE THE STATEWIDE CONTRACTS AVAILABLE TO STATE AGENCIES OR COUNTIES THROUGH THE STATE PURCHASING ACT.
(GLEN D. HAMMONDS)